UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BRIDGETTE FEEMSTER,** *et al.*,

               **Plaintiffs,**

v.

**BSA LIMITED PARTNERSHIP,**

               **Defendant.**

Case No. 04-cv-1901-RBW

**ANSWER**

COMES NOW BSA Limited Partnership ("BSA"), Defendant herein, by and through undersigned counsel, and in response to the Complaint filed by the Plaintiffs, states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Complaint is barred due to failure of a condition precedent.

**THIRD DEFENSE**

The Complaint is barred by the rule against perpetuities.

**FOURTH DEFENSE**

The Plaintiffs have failed to join an indispensable party.

**FIFTH DEFENSE**

Addressing the specifically enumerated allegations of the Complaint, BSA states as follows:

1.     This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

2.     This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

3.     BSA admits that Plaintiffs reside in the Bates Street Townhomes.  BSA further admits that it has terminated its participation in a project-based Section 8 program.  BSA denies that Plaintiffs are entitled to utilize their enhanced vouchers and demands strict proof thereof.

4.     This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

5.     BSA denies that it continues to offer the Bates Street Townhomes as rental property.  Defendant cannot answer the second sentence as it is drafted since it is prolix and argumentative; accordingly, BSA denies same and demands strict proof  thereof.  Answering further, BSA states that housing choice vouchers are not presented to BSA as payment for housing accommodations.  The housing choice vouchers are

issued by DCHA to eligible individuals who then locate suitable housing. If DCHA accepts the housing provider then DCHA pays an amount to the housing provider for the rental accommodation which is determined in part by how much the housing choice voucher recipient is required to pay on their own behalf.  BSA has not refused to accept rental payments from DCHA or any tenant who has received a housing choice voucher. BSA has refused to enter into any further leases, extensions of leases or lease addenda.  The third sentence states a legal conclusion to which no response is required.

      6.    This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

      7.    This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

      8.    This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

      9.    This paragraph of the Complaint states a conclusion of law to which no response is deemed

required, BSA denies same and demands strict proof thereof.

10.   This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

11.   BSA lacks sufficient knowledge to admit or deny the allegations of this paragraph.

12.   BSA lacks sufficient knowledge to admit or deny the allegations of this paragraph.

13.   Admitted.

14.   This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

15.   This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

16.   This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

17.   This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed

required, BSA denies same and demands strict proof thereof.

18. This paragraph of the Complaint states a conclusion of law to which no response is required. To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

19. This paragraph of the Complaint states a conclusion of law to which no response is required. To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

20. This paragraph of the Complaint states a conclusion of law to which no response is required. To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

21. This paragraph of the Complaint states a conclusion of law to which no response is required. To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

22. This paragraph of the Complaint states a conclusion of law to which no response is required. To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

23. This paragraph of the Complaint states a conclusion of law to which no response is required. To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

24. This paragraph of the Complaint states a conclusion of law to

which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

    25.    This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

    26.    This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

    27.    This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

    28.    Admitted.

    29.    Admitted.

    30.    BSA denies the first sentence of this allegation.  BSA lacks sufficient knowledge to admit or deny the remaining allegations of this paragraph.

    31.    BSA lacks sufficient knowledge to admit or deny the allegations of this paragraph of the Complaint.

    32.    BSA lacks sufficient knowledge to admit or deny the allegations of this paragraph of the Complaint.

33.   BSA denies that it continues to offer the Bates Street Townhomes as rental property.  Answering further, BSA states that housing choice vouchers are not presented to BSA as payment for housing accommodations.  The housing choice vouchers are issued by DCHA to eligible individuals who then locate suitable housing.  If DCHA accepts the housing provider then DCHA pays an amount to the housing provider for the rental accommodation which is determined in part by how much the housing choice voucher recipient is required to pay on their own behalf.  BSA has not refused to accept rental payments from DCHA or any tenant who has received a housing choice voucher.  BSA has refused to enter into any further leases, extensions of leases or lease addenda.  BSA denies that it informed Ms. Feemster that she needed to vacate her home.  BSA lacks sufficient knowledge to admit or deny the remainder of the allegations of this paragraph of the Complaint.

34.   The allegations of this paragraph of the Complaint refer to written documents which speak for themselves.  BSA denies any allegation or implication that is contrary to the plain language of such documents.

35.   BSA lacks sufficient knowledge to admit or deny the allegations of this paragraph of the Complaint.

36. The allegations of this paragraph of the Complaint refer to a written document which speaks for itself. BSA denies any allegation or implication that is contrary to the plain language of this document.

37. BSA denies that it continues to offer the Bates Street Townhomes as rental property. Answering further, BSA states that housing choice vouchers are not presented to BSA as payment for housing accommodations. The housing choice vouchers are issued by DCHA to eligible individuals who then locate suitable housing. If DCHA accepts the housing provider then DCHA pays an amount to the housing provider for the rental accommodation which is determined in part by how much the housing choice voucher recipient is required to pay on their own behalf. BSA has not refused to accept rental payments from DCHA or any tenant who has received a housing choice voucher. BSA has refused to enter into any further leases, extensions of leases or lease addenda. BSA denies that it informed Ms. Lymore that she needed to vacate her home. BSA lacks sufficient knowledge to admit or deny the remainder of the allegations of this paragraph of the Complaint.

38. The allegations of this paragraph of the Complaint refer to a written document which speaks for itself. BSA denies any allegation or implication that is contrary to the plain language of this document.

39. The allegations of this paragraph of the Complaint refer to a written document which speaks for itself.  BSA denies any allegation or implication that is contrary to the plain language of this document.

40. The allegations of this paragraph of the Complaint refer to a written document which speaks for itself.  BSA denies any allegation or implication that is contrary to the plain language of this document.

41. The allegations of this paragraph of the Complaint refer to a written document which speaks for itself.  BSA denies any allegation or implication that is contrary to the plain language of this document.

42. BSA lacks sufficient knowledge to admit or deny the allegations of this paragraph of the Complaint.

43. BSA lacks sufficient knowledge to admit or deny the allegations of this paragraph of the Complaint.

44. BSA lacks sufficient knowledge to admit or deny the allegations of this paragraph of the Complaint.

45. BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

46. This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

47.     BSA denies that it continues to offer the Bates Street Townhomes as rental property.  Answering further, BSA states that housing choice vouchers are not presented to BSA as payment for housing accommodations.  The housing choice vouchers are issued by DCHA to eligible individuals who then locate suitable housing.  If DCHA accepts the housing provider then DCHA pays an amount to the housing provider for the rental accommodation which is determined in part by how much the housing choice voucher recipient is required to pay on their own behalf.  BSA has not refused to accept rental payments from DCHA or any tenant who has received a housing choice voucher.  BSA has refused to enter into any further leases, extensions of leases or lease addenda.

48.     This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

49.     BSA denies that it continues to offer the Bates Street Townhomes as rental property.  Answering further, BSA states that housing choice vouchers are not presented to BSA as payment for housing accommodations.  The housing choice vouchers are issued by DCHA to eligible individuals who then locate suitable housing.  If DCHA

accepts the housing provider then DCHA pays an amount to the housing provider for the rental accommodation which is determined in part by how much the housing choice voucher recipient is required to pay on their own behalf.  BSA has not refused to accept rental payments from DCHA or any tenant who has received a housing choice voucher.  BSA has refused to enter into any further leases, extensions of leases or lease addenda.  BSA denies any implication that it has "interfered" with Plaintiffs in any wrongful manner.

50. BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

51. BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

52. BSA incorporates each of its previous responses as if fully restated herein.

53. BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

54. BSA incorporates each of its previous responses as if fully restated herein.

55. BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

56.     BSA incorporates each of its previous responses as if fully restated herein.

57.     BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

58.     BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

59.     This paragraph of the Complaint states a conclusion of law to which no response is required.  To the extent any response is deemed required, BSA denies same and demands strict proof thereof.

60.     BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

61.     BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

62.     BSA incorporates each of its previous responses as if fully restated herein.

63.     BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

64.     BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

65.     BSA incorporates each of its previous responses as if fully

restated herein.

66.    BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

67.    BSA denies the allegations of this paragraph of the Complaint and demands strict proof thereof.

68.    Paragraph 68 of the Complaint merely introduces Plaintiffs' prayer for relief.  BSA denies that the Plaintiffs are entitled to any such relief.

### SIXTH DEFENSE

Any allegation not expressly admitted herein is hereby denied and BSA demands strict proof thereof.

Respectfully submitted,

**FRIEDLANDER, MISLER, SLOAN, KLETZKIN & OCHSMAN**, **PLLC**


By: */s/ Robert E. Greenberg*
Robert E. Greenberg, Esq., DC Bar #173708
Thomas F. Murphy, Esq., DC Bar #464475
1101 17th Street, NW
Suite 700
Washington, DC  20036-4704
(202) 872-0800
*Counsel for BSA Limited Partnership*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 3, 2004, a copy of the foregoing was served by first-class mail, on:

>Patricia Mullahy Fugere, Esq.
>Antonia K. Fasanelli, Esq.
>Washington Legal Clinic for the Homeless
>1200 U Street, NW, Third Floor
>Washington, D.C. 20009
>
>Julie H. Becker, Esq.
>Legal Aid Society of the District of Columbia
>666 11th Street, NW, Suite 800
>Washington, DC 20001
>
>Rebecca Lindhurst, Esq.
>Bread for the City
>1525 7th Street, NW
>Washington, D.C. 20001
>
>Eliza Platts-Mills, Esq.
>Isabelle M. Thabault, Esq.
>Washington Lawyers' Committee for
>Civil Rights and Urban Affairs
>11 Dupont Circle, NW, Suite 400
>Washington, D.C. 20036

By: */s/ Robert E. Greenberg*